**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF THE VIRGIN ISLANDS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | **NO. 3:19-79** |
| | : | |
| **IVAN JAMES and JOH WILLIAMS** | : | |

## <u>ORDER-MEMORANDUM</u>

**AND NOW**, this 29th day of January 2024, upon considering Defendant Ivan James's amended Motion to dismiss the indictment for prosecutorial misconduct (ECF No. 934), the United States' Response (ECF No. 966) including our review of the sealed Grand Jury Testimony at issue, it is **ORDERED** Defendant Ivan James's Motion (ECF No. 934) is **DENIED**.

### *Analysis*

Defendant Ivan James asks we dismiss the Third Superseding Indictment due to his view of prosecutorial misconduct arising from the United States not correcting grand jury testimony from Agent Wyrzykowski.[1] Defendant James also cites a variety of discovery delays and arguable misleading witness disclosures from the United States Attorney as compounding the need to dismiss the charges against him. We agree as to the United States Attorney's repeated discovery errors after charging this case almost five years ago including those admitted to us

---

[1] We did not instruct Defendant Ivan James to file a prosecutorial misconduct claim and we reject his statement in his Motion we did. We found his Motion to dismiss the indictment (ECF No. 921) did not cite evidence warranting dismissal and compelling evidence, such as of prosecutorial misconduct, would need to exist and be brought before us before we would consider the drastic dismissal remedy. Defendant James then adds language about prosecutorial misconduct in his amended Motion of his own accord.

leading to potential striking of witnesses, delay, unnecessary motion practice and burden on the Court, and an ongoing review into written and oral representations made by the United States in connection with filing unredacted documents. We will separately address those concerns and potential remedies particularly as they apply to enforcing our Orders. But we find no basis to dismiss the Third Superseding Indictment arising from this pretrial conduct or from statements made to our Grand Jury on matters immaterial to the charged crimes.

Dismissal of an indictment is an "extreme sanction" used only in the most egregious cases.[2] "[A]bsent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate."[3] Even in the face of prosecutorial misconduct, we may only dismiss upon finding prejudice sufficient to establish "grave doubt" the decision to indict was not substantially influenced by the violation.[4]

Defendant James bases his prosecutorial misconduct theory on two instances of alleged perjury in Agent Wyrzykowski's testimony before our Grand Jury. First, Defendant James points to Agent Wyrzykowski testimony on the homicide of Levar Pogson. In response to questioning on the order of firearms used by Defendant James, Agent Wyrzykowski stated: "I believe [Defendant James] had a handgun and he switched to the rifle."[5] Agent Wyrzykowski then testified DNA analysis linked Defendant James to a Glock 22 pistol seized from Defendant James's bedroom, and the Glock 22 was consistent with one of the weapons identified by an

---

[2] *United States v. Gussie*, 51 F.4th 535, 541 (3d Cir. 2022).

[3] *Id.* (citing *United States v. Morrison*, 449 U.S. 361, 365 (1981)).

[4] *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988).

[5] ECF No. 966-1 at 23.

eyewitness to the Pogson homicide.[6] Defendant James claims testimony he had a handgun at the shooting is perjurious because the eyewitness stated he observed rifles and Agent Wyrzykowski only mentioned the handgun to link Defendant James to a murder weapon via DNA. We disagree with Defendant James's characterization of Agent Wyrzykowski's testimony. Agent Wyrzykowski later testified authorities seized both a rifle and handgun matching the descriptions provided by the eyewitness during a search of the Defendant's residence. Trial testimony also supports the use of a handgun during the Pogson homicide. And to the extent some limited parts of Agent Wyrzykowski's testimony are in error on the Pogson homicide, we find no prejudice as ample evidence supported our Grand Jury's decision to indict on the murder charges.

Second, Defendant James seeks dismissal because Agent Wyrzykowski testified Defendant James escaped along with Nathaniel Thomas from Golden Grove Correctional Facility and authorities later arrested them in Puerto Rico. While authorities arrested Defendant James in Puerto Rico with Nathaniel Thomas, only Mr. Thomas and not Defendant James was incarcerated in or escaped from Golden Grove. Defendant James argues the United States' failure to correct this testimony amounts to prosecutorial misconduct. We disagree for several reasons. Agent Wyrzykowski's testimony about Defendant James's escape from incarceration was incorrect but it does not appear perjurious as Agent Wyrzykowski's misstatements do not appear willfully or knowingly false, nor do they concern a charge brought by our Grand Jury.[7] While not an escapee, the authorities sought to arrest Defendant James with warrants for double homicide in St. Croix and for drug conspiracy in Miami at the time of his arrest. Our Grand Jury

---

[6] *Id.* at 25.

[7] *See United States v. Thompson*, 513 Fed. App'x 138, 140 (3d Cir. 2013) (noting perjury in front of a grand jury only occurs when a witness knowingly makes a materially false declaration under oath).

did not charge Defendant James with escape. The agent offered inaccurate testimony but not as to the key issue: the authorities wanted to arrest Defendant James under a warrant for alleged criminal conduct. We find no prejudice to Defendant James resulting from Agent Wyrzykowski's testimony as ample evidence supported our Grand Jury's decision to indict on charges having nothing to do with escape or arrest in Puerto Rico.

Defendant James claims he does not need to show prejudice for us to dismiss the indictment as demonstrating prosecutorial misconduct alone is enough. His cited facts do not support a finding of prosecutorial misconduct and he relies on inapposite authority. The United States did not commit prosecutorial misconduct by failing to correct Agent Wyrzykowski during his inaccuracies when testifying about the Pogson homicide. Nor did the United States' commit prosecutorial misconduct when it failed to correct a few lines of Agent Wyrzykowski's testimony incorrectly portraying Defendant James as an escapee, when in reality the authorities sought to enforce warrants for other criminal conduct.   And our Grand Jury did not charge Defendant James with escape.

Defendant James also offers no legal basis for the requested dismissal of the Third Superseding Indictment. He cites *United States v. Serubo*.[8] Our Court of Appeals in *Serubo* instructs we may dismiss an indictment based on prosecutorial misconduct without a showing of prejudice only "if there is evidence that the challenged activity was something other than an isolated incident unmotivated by sinister ends, or that the type of misconduct challenged has become entrenched and flagrant in the circuit."[9] Our Court of Appeals in *Serubo* described the

---

[8] 604 F.2d 807 (3d Cir. 1979).

[9] *Id.* at 817.

prosecutor's conduct in front of the grand jury as "improper," "reprehensible," "unacceptable," and "extreme."[10] The United States' conduct before our Grand Jury relating to two aspects of Agent Wyrzykowski's grand jury testimony is by no means deserving of these descriptors. Defendant James fails to present evidence of sinister motivation or rampant flagrant conduct requiring the drastic remedy of dismissal. In the absence of systematic issues, Defendant James must demonstrate prejudice to merit relief.[11] He fails to do so as described above.[12]

Defendant James cites *United States v. Page* arguing our Court of Appeals affirmed dismissing an indictment because of perjured grand jury testimony. [13] He is wrong. The Court of Appeals for the Tenth Circuit in *Page* held thirty-seven years ago the prosecution's failure to correct perjured testimony in front of the grand jury did not warrant dismissal of the indictment. Nothing about this guidance from outside our Circuit supports Defendant James's position. Defendant James offers no authority for dismissing an indictment based on the prosecutor not correcting testimony.

Defendant James also quotes at great length from Justice Stevens's 1992 dissent in *United States v. Williams.*[14] As with his citation to *Page*, citations to a dissenting opinion in a

---

[10] *Id.* at 814, 818.

[11] *See Gussie*, 51 F.4th at 538 n.4 (noting the need to find prejudice before dismissing an indictment if no systematic errors are demonstrated).

[12] *See United States v. Soberon*, 929 F.2d 935, 938 n.1, 939-940 (3d Cir. 1991) (reversing a district court's dismissal of a count on prosecutorial misconduct grounds due to the alleged presentation of perjured testimony to the grand jury – where the district court concluded the prosecutor knew of the error or committed misconduct by not discovering it – due to lack of prejudice).

[13] 808 F.2d 723 (10th Cir. 1987).

[14] 504 U.S. 36 (1992).

case where the majority of the Court held we may not dismiss an indictment based on the United States' failure to disclose exculpatory evidence to a grand jury does not lend support to Defendant James's position.

We deny Defendant James's Motion as the great weight of both demonstrated facts and governing law do not allow the extreme remedy of dismissing the Third Superseding Indictment.

_____
KEARNEY, J.